UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 10 B 41582 |
| | ) | Chapter 11 |
| SUSAN C. WOLF, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION

These matters come before the Court on the objections to exemptions claimed by Susan C. Wolf (the "Debtor") filed by Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "UST") and by the Estate of Joseph J. Gambino, by Joseph M. Gambino, as Independent Administrator (the "Creditor"). The Debtor claimed certain annuities exempt pursuant to 735 ILL. COMP. STAT. 5/12-1006 (2008). She contends that in good faith she intended them to qualify as retirement plans and annuities under the applicable provisions of the Internal Revenue Code ("IRC"). The UST and the Creditor assert that most of the annuities are from plans not intended to qualify as individual retirement accounts under 26 U.S.C. § 408(b) and were purchased at costs exceeding the allowable contribution limit under 26 U.S.C. § 219(b). After review of the documents submitted and consideration of the arguments of counsel, the Court sustains the objections.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(B).

-2-

## II. FACTS AND BACKGROUND

On September 16, 2010, the Debtor filed a Chapter 11 petition and has remained in possession and control of the assets of the bankruptcy estate under 11 U.S.C. §§ 1107 and 1108. She is self-employed and has been involved in real estate investment. Among the assets listed on Schedule B are seven annuities, six are the focus of these matters: Symetra Annuity # XXXX8016; Met Life Annuity # XXXX7392; AXA Annuity # XXXX9922; AXA Annuity # XXXX6390; AXA Annuity # XXXX2616; and AXA Annuity # XXXX9922. The Debtor claims these annuities exempt on her Schedule C under 735 ILL. COMP. STAT. 5/12-1006 (2008). As scheduled, the value of the annuities' exemption totals $763,495.86.

## III. APPLICABLE STANDARDS

Federal Rule of Bankruptcy Procedure 4003 governs hearings on claims of exemptions and objections thereto. Section 522(l) of the Bankruptcy Code and Bankruptcy Rule 4003(a) require debtors to "list" the property claimed as exempt on the schedule of assets. 11 U.S.C. § 522(l); FED. R. BANKR. P. 4003(a). An objecting party has the burden of proving by a preponderance of the evidence that a debtor's exemptions are not properly claimed. FED. R. BANKR. P. 4003(c); *In re Doyle*, 209 B.R. 897, 900 (Bankr. N.D. Ill. 1997); *In re Ritter*, 190 B.R. 323, 325-26 (Bankr. N.D. Ill. 1995). The relevant Illinois exemption statute provides in pertinent part as follows:

> (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan

Case 10-41582    Doc 91    Filed 03/31/11    Entered 03/31/11 10:10:25    Desc Main
          Document      Page 3 of 7

-3-

> (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.
> (b) "Retirement plan" includes the following:
>> (1) a stock bonus, pension, profit sharing, annuity, or similar plan or arrangement, including a retirement plan for self-employed individuals or a simplified employee pension plan;
>>
>> . . .
>>
>> (3) an individual retirement annuity or individual retirement account; and
>> (4) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.
>
> (c) A retirement plan that is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois.

735 ILL. COMP. STAT. 5/12-1006(a), (b), & (c) (2008).

Illinois exemption statutes must be interpreted liberally in favor of a debtor. *In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985); *In re Hellen*, 329 B.R. 678, 681 (Bankr. N.D. Ill. 2005). Further, if it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *Barker*, 768 F.2d at 196. The purpose of the exemption provision is to protect debtors and their families from destitution and to provide them the necessary shelter from creditors, thereby safeguarding their fresh start in bankruptcy. *In re Schriar*, 284 F.2d 471, 473-74 (7th Cir. 1960); *In re Wright*, 156 B.R. 549, 554 (Bankr. N.D. Ill. 1992) (explaining that "[t]he purpose of the exemption provision is to foster the debtor's fresh start in bankruptcy."). Despite the directive to construe exemption statutes in favor

-4-

of debtors, courts "must be mindful to avoid interpreting [the] exemption statute in a way not contemplated by the legislature in enacting a state's exemption scheme." *In re Simpson*, 238 B.R. 776, 779 (Bankr. S.D. Ill. 1999) (*citing Schriar*, 284 F.2d at 474).

## IV. DISCUSSION

The UST and the Creditor contend that the annuities are not part of a retirement plan that is qualified under the requirements of the IRC as set forth in 26 U.S.C. § 408(b), and the allowable contribution cap of 26 U.S.C. § 219(b). According to the objectors, the Debtor's intent to use them for retirement is insufficient for purposes of the exemption under § 12-1006.

The Debtor furnished copies of the six annuity contracts. They are individual contracts with the Debtor as the owner/annuitant having contributed the respective costs to buy them from the issuing insurance company. Each contract contains the voluminous details and provisions of the respective agreements between the parties regarding payments to the Debtor or her beneficiaries, charges, and fees in favor of the issuers. They all refer to the IRC as the "Code" and reserve the right in the issuing company to change the contracts to reflect changes in the Code. More importantly, none of them indicates that the contracts are intended to qualify as retirement annuities under the IRC. This absence of any such indication is fatal to the Debtor's claims of exemption. Whether the annuities meet the requirements of the IRC is not the necessary inquiry. Rather, the inquiry is whether under § 12-1006 the plan intended to meet the retirement account requirements of the IRC.

The only reference to retirement annuities is contained in § 1.18 of the AXA Annuity # XXXX2616 where "plan" is defined as "a retirement savings plan adopted by an Employer that

-5-

is intended to meet the requirements for qualification under either Section 401(a) of the Code or 403(b) of the Code." That annuity, however, is an individual contract between the Debtor and AXA. It is not a part of any retirement plan adopted by an employer of the Debtor. *See In re Weinhoeft*, 275 F.3d 604, 606 (7th Cir. 2001) (stating that § 12-1006 only applies to assets that have actually entered a tax-qualified plan and not to those funds that are outside retirement plans). As noted in *In re Ellis*, 274 B.R. 782 (Bankr. S.D. Ill. 2002), "[t]o be eligible for an exemption under § 12-1006, then, an annuity must come within the Internal Revenue Code provisions for tax-qualified retirement plans." *Id.* at 787. The Debtor's intent to use the annuities as retirement income is insufficient. *See id.* at 788 (finding that annuity was not qualified for the exemption simply because the debtor intended to use it for retirement purposes); *In re Arnold*, No. 10-70126, 2010 WL 1416031, at *2 (Bankr. C.D. Ill. Mar. 31, 2010) (stating that exemption was not available simply because the investment was made with a view towards having the funds available for retirement spending).

The Court finds that the Debtor's annuities are not tax-qualified retirement annuities. Because they are not a part of a qualified plan or plans, they are not properly claimed exempt under § 12-1006. Accordingly, the Court sustains the objections.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Courts sustains the objections of the UST and the Creditor to the Debtor's claimed exemptions in the annuities.

-6-

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021.

**ENTERED:**

DATE: 3/31/11

John H. Squires
United States Bankruptcy Judge

cc:    See attached Service List

## SERVICE LIST

### Susan C. Wolf
**Bankruptcy No. 10 B 41582**

Ariel Weissberg, Esq.
Weissberg & Associates, Ltd.
401 S. LaSalle Street, Suite 403
Chicago, IL 60605

Stephen G. Wolfe, Esq.
Office of the United States Trustee
219 S. Dearborn Street, Suite 873
Chicago, IL 60604

Michael A. Braun, Esq.
Michael A. Braun & Associates
33 N. Dearborn Street, Suite 500
Chicago, IL 60602