IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SUSAN C. WOLF, | ) | Case No. 10 B 41582 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |

### NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on December 22, 2011, at 9:30 a.m., I shall appear before the Honorable Judge John H. Squires, or any other judge sitting in his stead, in Room 680, 219 South Dearborn Chicago, Illinois, and request a hearing on Debtor's Attorneys' Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

### CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 1st day of December 2011.

/s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
James E. Hausler (Atty. ID #6292973)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng, United States Trustee
219 South Dearborn Street,
Suite 873
Chicago, Illinois 60606

Stephen G. Wolfe
219 South Dearborn Street,
Suite 873
Chicago, Illinois 60604

Ariel Weissberg
Weissberg & Associates, Ltd.
401 South LaSalle Street
Suite 403
Chicago, Illinois 60605

Michael A Braun
Michael A. Braun & Assoc.
33 North Dearborn Street
Suite 500
Chicago, Illinois 60602

Yanick Polycarpe
Pierce and Associates, P.C.
1 North Dearborn
Suite 1300
Chicago, Illinois 60602

Christopher H. Purcell
Sherman & Sherman
120 S LaSalle Street
Suite 1460
Chicago, Illinois 60603

**Parties Served By U.S. Mail**

Susan C. Wolf
2164 Second Street
Northbrook, Illinois

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SUSAN C. WOLF, | ) | Case No. 10 B 41582 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |
| | ) | **Hearing Date:  December 22, 2011** |
| | ) | **Time:          9:30 a.m.** |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid, James E. Hausler and Christina M. Riepel of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Susan C. Wolf, Debtor and Debtor In Possession, and, pursuant to §§330 and 331 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $71,167.00 for 194.60 hours of professional services rendered to the Chapter 11 Debtor In Possession and reimbursement of costs and expenses in the amount of $518.84 and authorizing payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $11,659.22, and, in support thereof, state as follows:

1. On September 16, 2010, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of his property, pursuant to §§1107 and 1108; and, no trustee has been appointed in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157; and, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to all parties on the service list, including the Debtor, the United States Trustee, all creditors and parties in interest.

4. On May 6, 2011, the Debtor and the Attorneys entered into an agreement whereby the

Attorneys agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement to pay for professional services rendered in accordance with the Attorneys' hourly fee schedule as in effect from time to time.

5. The rates at which the Attorneys seek compensation are their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.

6. On or about May 12, 2011, this Court entered an Order Authorizing Employment of Counsel authorizing the employment of the Attorneys, as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court (Docket No. 125).

7. On June 2, 2011, this Court entered an Order Authorizing Employment of Attorneys authorizing the Debtor to pay the Attorneys a post-petition retainer of TWENTY THOUSAND AND 00/100 DOLLARS ($20,000.00) (Docket No. 151).

8. On October 3, 2011, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 196); and, on October 25, 2011, this Court entered an Order Allowing First Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 214) of $40,026.62 to Counsel for 160.10 hours of professional services and costs rendered from May 2, 2011, through September 16, 2011. The First Application is incorporated by reference herein and thereby made a part hereof.

9. The Attorneys have expended 34.50 hours of professional services from September 17, 2011, through December 1, 2011, as more fully set forth in the Time Sheets attached hereto as Exhibit A and thereby made a part hereof.

10. The professional services rendered from September 17, 2011, through December 1, 2011, have been separated into four (4) service categories, for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of her estate.

These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | | HOURS |
|---|---|---|
| A. | Administration | 8.00 |
| B. | Gambino Adversary | .80 |
| C. | Plan and Disclosure Statement | 21.50 |
| D. | Professionals | 4.20 |
| | **TOTAL:** | **34.50** |

11. The professional services were rendered within the service categories as follows:

A. **General Case Administration -** This service category involved 8.00 hours of services that included: **1)** Meetings, teleconferences and correspondence with Susan C. Wolf ("Debtor") regarding representation of Debtor in Possession, Debtor in Possession operations, Operating Instructions and Reporting Requirements, operating reports, monthly preparation of same, payment of U.S. Trustee statutory fees, case status, notices, settlement of the Adversary Case (as defined below), Amended Plan and Amended Disclosure Statement, Confirmation of Amended Plan and Approval of Adequacy of Amended Disclosure Statement, and communications with parties in interest; **2)** Meetings, teleconferences and correspondence with the United States Trustee's office regarding case filing, operating reports, trustee's quarterly fees and case administration; **3)** Reviewing claims register to determine objections under 11 U.S.C. 502; **4)** Meetings and teleconferences with Special Counsel regarding general case matters, Amended Plan and Amended Disclosure Statement, Gambino Settlement Agreement and Florida Fifth & Third, LLC's motion to modify; **5)** Representation at Court hearings; **6)** Services relating to operating reports and other reporting requirements; **7)** Organizing and maintaining Debtor's files; **8)** Draft Motion to Close Case; and, **9)** General case administration matters.

B. **Gambino Adversary -** This service category .80 hours of services that included: **1)** Teleconferences and correspondence with Debtor and Special Counsel regarding adversary case filed by the Estate of Joseph A. Gambino (the "Adversary Case") and settlement of the Adversary Case; and, **2)** Engage in finalizing settlement negotiations with Gambino.

C. **Plan and Disclosure Statement** - This service category involved 21.50 hours of services related to the Debtor's obligation to draft a Plan of Reorganization and Disclosure Statement that included: **1)** Drafting and revising Amended Plan and Amended Disclosure Statement, and representing Debtor at

court hearings related to same; **2)** Review Claims Register regarding claims filed in Chapter 11 Case and teleconferences and communications with unsecured creditors regarding the solicitation of ballots; **3)** Prepare Report of Balloting and Ballot Recapitulation, Status Report and Notice; **4)** Teleconferences, meetings and communications with secured creditors, unsecured creditors, the United States Trustee and Special Counsel regarding the Amended Plan and Amended Disclosure Statement; **5)** Teleconferences, meetings and communications with Debtor and representatives regarding the Amended Plan and Amended Disclosure Statement, treatment of creditors, draft of plan and plan funding; **6)** Draft Affidavit of Prove-Up regarding Confirmation, Confirmation Order, preparation for hearing on Confirmation of Amended Plan and Adequacy of Amended Disclosure Statement and representing Debtor at court hearings related to same; and, **7)** Meetings and teleconferences with Special Counsel regarding Amended Plan and Amended Disclosure Statement and disbursements regarding same.

    D. **Professionals**:  This service category involved 4.20 hours of services that included: **1)** Drafting First Application for Compensation of Attorneys, Notices and Orders; **2)** Drafting Final Application for Compensation of Attorneys, Notices and Orders; **3)** Reviewing, organizing and finalizing itemized time sheets; and, **4)** Teleconferences and communications with Special Counsel regarding Special Counsel's Application for Allowance of Compensation.

    12.    All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to this Court's May 12, 2011, Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work.

    13.    There has been no duplication of services by Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, James E. Hausler or Christina M. Riepel.  Mr. Stern oversaw and supervised all aspects of the case and all attorney services performed.  Generally, only one (1) attorney was assigned to a specific matter.  Notwithstanding, multiple attorneys participation in certain matters was necessary primarily due to the complexity of the case.  Accordingly, in those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of

the Debtor's Chapter 11 case, the amount of debt involved, problem involved and/or the critical time constraints that existed required, in some instances, more than one attorney's participation in any given matter.

14. The value of the professional services rendered to the Debtor, as Debtor In Possession, covered by this Application is $11,649.50.

15. Actual and necessary costs in the amount of $9.72 have been expended by Counsel. Costs include filing fees, postage, and copying charges at the rate of ten cents (.10) per copy.

**WHEREFORE**, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, James E. Hausler and Christina M. Riepel pray for entry of an Order, pursuant to §§330 and 331 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $71,167.00 for actual and necessary professional services rendered and reimbursement in the amount of $518.84 for actual and necessary costs and expenses incurred; authorizing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $11,659.22 as a priority cost of administration; and, for such other relief as this Court deems just.

    Respectfully submitted,

    By: /s/ Gregory K. Stern
        Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
James E. Hausler (Atty. ID #6292973)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558